■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. SAMUEL KISIN, Respondent

Concur — Stevens, J. P., Eager, Capozzoli and McGivern, JJ.; Steuer, J., dissents in the following memorandum: On this motion to suppress several questions were raised but the only one requiring consideration involved the initial search and seizure. The question here is entirely factual, and while the deference due to the trial court's superior advantage in having heard the witnesses is recognized, the result, in my opinion, so contradicts all reasonable probability that I am forced to disagree. On January 4, 1965, a dealer in rare coins named Merkin reported the theft of about 1,000 coins. A description of the stolen coins was circulated to dealers. On February 5, 1965, a dealer named Brigandi received a telephone call from a man offering to sell two of these coins. Brigandi recognized them as being on the list of stolen coins, made an appointment for that afternoon and alerted the police. The appointment was not kept. The following day, a Saturday, the defendant and another man appeared at Brigandi's store. Brigandi's assistant, Meyerson, waited on them. Defendant inquired about purchasing a set of Vatican coins. In the course of the conversation, according to Meyerson, defendant produced the two coins previously mentioned and offered them for sale. Meyerson excused himself and notified Brigandi. Brigandi called the police and then went into the salesroom, where he saw the coins. While they were discussing them, two uniformed officers arrived. Shortly thereafter, detectives appeared. One of them took the two coins to Merkin, who identified them. The detective returned to Brigandi's. The defendant was arrested and searched, the search revealing some other coins later identified by Merkin as his. It is

not disputed that, if the facts were as above stated, the search was in all respects proper. The defendant's version, which has been accepted, is that he visited Brigandi's store to purchase a set of Vatican coins. While so engaged, and without there having been any mention of the Merkin coins, the uniformed officers arrived suddenly and searched him. When the detectives arrived, two of the coins, the result of the search, were handed over to the detectives, resulting in their identification by Merkin. If this were merely a choice of which version should be accepted, the trial court's accrediting the defendant's would be unexceptionable. It was further buttressed by an unusually weak presentation by the People. The uniformed officers were not called to testify. But defendant's version of the facts is fantastic. According to him, neither Brigandi nor his salesman Meyerson had any reason to suspect that defendant had the Merkin coins on his person. There was nothing to associate defendant with the telephone call of the previous day. As far as anyone concerned knew — Brigandi, Meyerson or the police — defendant was merely a customer interested in making a purchase. Unless one is prepared to believe that for no reason Brigandi was prepared to antagonize a prospective buyer by accusing him without a trace of justification of being in some way implicated in a theft, Brigandi's conduct is totally unexplainable. It just defies the processes of reasoning to believe that what defendant says took place is a truthful narration of the incident. In the face of that, the fact that the proof offered by the People was not as complete as it might have been is not significant. All of this is not to say that defendant is guilty of the crime for which he was arrested, or of any crime. A showing to that effect is not required on a motion to suppress. The proof was adequate to compel denial of the motion.